UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FREGOSO,<br><br>    Petitioner,<br><br>  v.<br><br>KELLY HARRINGTON,<br><br>    Respondent. | 1:09-cv-01067 MJS HC<br><br>ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW COURT ORDER<br><br>[Doc. 8] |

      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

      On June 17, 2009, Petitioner filed a petition for writ of habeas corpus.  Following a preliminary review of the petition, the Court on May 3, 2010, issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Order to Show Cause, ECF No. 8.) Petitioner was granted thirty (30) days to inform the Court whether his claims had been presented to the California Supreme Court.

      Over thirty (30) days have passed, and Petitioner has not complied with the order.

**I.**    **<u>DISCUSSION</u>**

      Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including dismissal of a case. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

     In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since June 17, 2009. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,

779 F.2d at 1424. The Court's order for Petitioner to show that he exhausted his state remedies stated that dismissal would result from non-compliance with the Court's order.

## II. CONCLUSION

Petitioner has failed to comply with a court order. Therefore, the petition must be dismissed.

## III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B) the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

1  deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>,
2  529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case,
3  he must demonstrate "something more than the absence of frivolity or the existence of mere
4  good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.
5       In the present case, reasonable jurists would not find debatable or wrong  the Court's
6  determination that Petitioner is not entitled to federal habeas corpus relief nor would they
7  belief his claim is deserving of encouragement to proceed further.  Petitioner has not made
8  the required substantial showing of the denial of a constitutional right.  Accordingly, the Court
9  hereby DECLINES to issue a certificate of appealability.

10 **IV.    ORDER**
11       Accordingly, IT IS HEREBY ORDERED that:
12       1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;
13       2. The Clerk of Court is DIRECTED to enter judgment; and
14       3. The Court DECLINES to issue a certificate of appealability.

16 IT IS SO ORDERED.
17 Dated:   July 16, 2010                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE